IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ROME DIVISION

| | |
|---|---|
| MARIA L. RODRIGUEZ DE MOSQUEDA and ARMANDO MOSQUEDA RODRIGUEZ, as Administrator of the ESTATE OF ESTEBAN MOSQUEDA-ROMERO <br><br> Plaintiffs, <br><br> v. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | Civil Action <br> File No.:     4:16-CV-1-HLM |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Local Rules 16.2 and 26(f) of the United States District Court for

the Northern District of Georgia, Plaintiffs Maria L. Rodriguez de Mosqueda and

Armando Mosqueda Rodriguez, as Administrator of the Estate of Esteban

Mosqueda-Romero, along with Defendants Georgia Department of Corrections,

Board of Regents of the University System of Georgia, Georgia Regents University

aka Augusta University, Scott Crickmar, Devin Radford, Christopher Bridges, Jason

Braddy, Corey Davidson, and Michael McCurry (the "GDC Defendants"), Monica

Hill, D.O. ("Defendant Hill"), and Deborah Wright, L.P.N. ("Defendant Wright"),

(collectively referred to as "the Parties") hereby submit this, their Joint Preliminary Report and Discovery Plan.

**1.      Description of Case:**

**(a)      Describe briefly the nature of this action**

Plaintiffs Maria L. Rodriquez de Mosqueda, the surviving spouse of Esteban Mosqueda-Romero ("Mr. Mosqueda"), and Armando Mosqueda Rodriguez, Mr. Mosqueda's son and the executor and administrator of Mr. Mosqueda's estate, bring this civil rights action against the Defendants.  This action is brought pursuant to 42 U.S.C. § 1983 and alleges Defendants were deliberately indifferent to the medical needs of Esteban Mosqueda-Romero, proximately resulting in his death, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.  Defendants deny the allegations.

**(b)      Summarize, in the space provided, the facts of this case. The summary should not be argumentative nor recite evidence.**

**For the Plaintiffs:**

Plaintiffs filed this Section 1983 action against eleven remaining defendants, including correctional supervisors and officers of the Georgia Department of Corrections as well as the medical director and medical personnel working at Hays State Prison.  The complaint alleges that Defendants are liable for the death of Mr. Mosqueda, an inmate at Hays State Prison.   Mr. Mosqueda exhibited visible

symptoms of serious illness and Mr. Mosqueda and his children attempted to request medical care for Mr. Mosqueda.  The Defendants were deliberately indifferent to Mr. Mosqueda's obvious need for medical care for several days leading up to Mr. Mosqueda's death on January 3, 2014.  Defendant Crickmar and Defendant Hill are further alleged to be liable for failing to implement policies or procedures at Hays State Prison required to protect Mr. Mosqueda's constitutional right to be free from deliberate indifference to his serious medical need.  Defendants Crickmar and Hill implemented policies that interfered with Mr. Mosqueda's ability to effectively communicate his need for medical care and policies that prevented or delayed medical personnel from obtaining emergency care for Mr. Mosqueda until it was too late to prevent his death.

### For the GDC Defendants:

The GDC defendants were not involved in the medical care provided to Esteban Mosqueda-Romero, nor were they aware of any emergent medical situation involving Esteban Mosqueda-Romero during the pertinent time period. Inmates housed in Unit D-2 are in protective custody. In Unit D-2, rounds are regularly performed and an officer is stationed on the unit floor in between rounds. Sick call request forms are available upon request. Officers may also contact a supervisor and the medical unit depending on the situation.

**For Defendant Wright:**

Plaintiff decedent Esteban Mosqueda-Romero entered GDC custody on April 4, 2013 and was transferred to Hays State Prison where he remained incarcerated from September 19, 2013 through January 2, 2014. On January 2, 2014, at approximately 11:20 A.M., Defendant Wright examined and treated Ms. Mosqueda in the medical unit of Hays State Prison. Mr. Mosqueda remained in the medical unit for 23 hour observation until approximately 3:30 P.M. that day at which time Mr. Mosqueda was taken by ambulance to Redmond Regional Medical Center where he later died during the early morning hours of January 3, 2014.

**For Defendant Hill:**

Plaintiff decedent Esteban Mosqueda-Romero entered GDC custody on April 4, 2013 and was transferred to Hays State Prison where he remained incarcerated from September 19, 2013 through January 2, 2014. Defendant Hill denies that she was deliberately indifferent to Mr. Mosqueda's medical needs and further denies that she is responsible for implementing policies and procedures at Hays State Prison. On January 2, 2014, while the Plaintiff was in the medical unit of Hays State Prison, Defendant Hill was neither on duty nor on call for GDC or Hays State Prison, and Defendant Hill did not receive any information indicative of the Plaintiff's medical condition.

    **(c)**    **The legal issues to be tried are as follows:**

(1)    Liability of Defendants:

    (a)    Under 42 U.S.C. § 1983

    (b)    Vicarious liability

(2)    Proximate cause;

(3)    Nature and extent of Plaintiff's damages; and

(4)    Whether Plaintiff is entitled to reasonable attorney's fees and expenses.

    **(d)**    **The cases listed below (include both style and action number) are:**

    (1)    **Pending Related Cases:** Not applicable.

    (2)    **Previously Adjudicated Related Cases:** Not applicable.

**2.**    **This case is complex because it possesses one or more of the features listed below (please check):**

X    (1)    Unusually large number of parties

_    (2)    Unusually large number of claims or defenses

_    (3)    Factual issues are exceptionally complex

X    (4)    Greater than normal volume of evidence

X    (5)    Extended discovery period is needed

X    (6)    Problems locating or preserving evidence

_    (7)    Pending parallel investigations or action by government

X    (8)    Multiple use of experts

<u>X</u>      (9)     Need for discovery outside United States boundaries

_       (10)    Existence of highly technical issues and proof

_       (11)    Unusually complex discovery of electronically stored information

**3.     Counsel:**

**The following individually-named attorneys are hereby designated as lead**

**counsel for the parties:**

Plaintiffs:     Nathanael A. Horsley, Esq. (lead counsel)
                Mark Begnaud, Esq.
                Horsley Begnaud LLC
                Building 12, Suite 300
                750 Hammond Drive
                Atlanta, Georgia 30328
                (770) 765-5559 Phone
                (404) 602-0018 Fax


Defendant       Joshua S. Stein, Esq. (lead counsel)
Wright:         Elissa B. Haynes, Esq.
                Goodman McGuffey LLP
                3340 Peachtree Road NE, Suite 2100
                Atlanta, Georgia 30326
                (404) 264-1500 Phone
                (404) 264-1737 Fax


Defendant       Vincent A. Toreno, Esq. (lead counsel)
Hill:           Samantha J. Bily, Esq.
                Ken David & Associates, LLC
                International Tower, Suite 950
                229 Peachtree Street
                Atlanta, Georgia 30303
                (404) 446-4476 Phone
                (404) 446-4499 Fax

GDC          Matthew F. Boyer, Esq. (lead counsel)
Defendants:  Meaghan R. Davidson, Esq.
             Nall & Miller, LLP
             Suite 1500, North Tower
             Peachtree Center
             235 Peachtree Street, NE
             Atlanta, Georgia 30303
             (404) 522-2200 Phone
             (404) 522-2208 Fax

**4.      Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

\_\_\_\_ Yes          \_\_X\_\_ No

If "yes", please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.      Parties to This Action:**

**(a)      The following persons are necessary parties who have not been joined:** Matthew Burgess, Jason McNabb, and Preston ("Eric") White. To the best of Defendants' knowledge, these individuals have been named in the instant suit but have not yet been served.

**(b)      The following persons are improperly joined as parties:** Not applicable.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**     Not applicable.

**(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

The Parties agree to inform the Court should any such contentions become known.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Plaintiffs state that any such amendments will be contingent on Defendants' discovery responses and are not yet known at this time.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Play is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.      Filing Times for Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).**

**(a)      *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.**

**(b)      *Summary Judgment Motions*:  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

**(c)      *Other Limited Motions*:  Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)      *Motions Objecting to Expert Testimony*:  <u>Daubert</u> motions with regard to expert testimony shall be filed no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.**

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate,

state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.   Refer to Fed. R. Civ. P. 26(a)(1)(B).

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The Parties do not request a scheduling conference with the Court at this time.

**10.     Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in Local Rule 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

(1)     Facts surrounding the subject incident;

10

(2)     Medical treatment related to the subject incident;

(3)     Relationship of each individual party and their role in the subject incident; and

(4)     Plaintiff's prior medical history.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

Due to the reasons outlined in Paragraph Number 2 above, the parties anticipate an eight (8) month discovery tract will be necessary but will endeavor to complete discovery within a four (4) month time period, to the extent possible.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b)     Is any party seeking discovery of electronically stored information?**

___X___ Yes                  _____ No

**If "yes,"**

**(1)     The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the**

**scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties have agreed to meet and confer as necessary to limit the source and/or scope of production of electronically stored information.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion of metadata, and have agreed as follows:**

The Parties have discussed and agreed that ESI will be preserved and produced in its original/native format or in PDF format. When produced in PDF format, ESI will be produced as a searchable PDF whenever possible. ESI will be stored on a Universal Serial Bus (USB) flash, (non-volatile computer storage) mass media storage drive(s), or on some other mutually agreeable device and will be delivered by a mutually agreeable means (*e.g.* U.S. mail, courier, FedEx, UPS, etc.)

**In the absence of agreement on issue regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

**13.   Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **July 1, 2016**, and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:

Lead counsel (signature):  /s/ NATHANAEL A. HORSLEY
                             Nathanael A. Horsley, Esq.*

*signed with express permission by Elissa B. Haynes, Esq.*

For GDC Defendants:

Lead counsel (signature):/s/ MATTHEW F. BOYER
                             Matthew F. Boyer, Esq.*

Other participants:        Meghan R. Davidson, Esq.

*signed with express permission by Elissa B. Haynes, Esq.*

For Defendant Wright:

Lead counsel (signature): /s/ JOSHUA S. STEIN (Edward Lindsey participated in the Rule 26(f) conference as lead counsel.  He has since left the firm and Joshua Stein has taken over the position.  Mr. Stein and Mr. Lindsey have met

and discussed the specifics of the conference.  As outlined below, Ms. Haynes also participated in the call.)

Joshua S. Stein, Esq.

Other participants:        Elissa B. Haynes, Esq.

For Defendant Hill:

Lead counsel (signature):   /s/ VINCENT TORENO
                            Vincent Toreno, Esq.*

*signed with express permission by Elissa B. Haynes*

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___)      A possibility of settlement before discovery.

(_X_)      A possibility of settlement after discovery.

(___)      A possibility of settlement, but a conference with the Judge is needed.

(___)      No possibility of settlement.

(c)     Counsel (X) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is: **To be determined**.

(d)     The following specific problems have created a hindrance to settlement of this case:  The Parties need to engage in additional discovery prior to holding additional settlement conferences.

**14.     Trial by Magistrate Judge**

Note:   Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (__) do consent to having this case tried before a magistrate judge of this Court.   A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 2016.

(b)     The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 20th day of July, 2016.


/s/ NATHANAEL A. HORSLEY
Nathanael A. Horsley, Esq.*
GA State Bar No.: 367832
nhorsley@gacivilrights.com
Mark Begnaud, Esq.
GA State Bar No.: 217641
mbegnaud@gacivilrights.com
Horsley Begnaud LLC
Building 12, Suite 300
750 Hammond Drive
Atlanta, Georgia 30328
(770) 765-5559 Phone
(404) 602-0018 Fax
*Attorneys for Plaintiffs*

/s/ ELISSA B. HAYNES
Joshua S. Stein, Esq.
GA State Bar No.: 141925
jstein@gmlj.com
Elissa B. Haynes, Esq.
GA State Bar No.: 804466
ehaynes@gmlj.com
Goodman McGuffey LLP
3340 Peachtree Road, NE
Suite 2100
Atlanta, Georgia 30326
(404) 264-1500 Phone
(404) 264-1737 Fax
*Attorneys for Defendant Wright*

*signed with express permission by Elissa B. Haynes, Esq.*

*[signatures continued on following page]*

/s/ MATTHEW F. BOYER
Matthew F. Boyer, Esq.*
Special Assistant Attorney General
GA State Bar No.: 141512
mboyer@nallmiller.com
Meghan R. Davidson
GA State Bar No.: 445566
mdavidson@nallmiller.com
Nall & Miller, LLP
Suite 1500, North Tower
Peachtree Center
235 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 522-2200 Phone
(404) 522-2208 Fax
*Attorneys for GDC Defendants*


/s/ VINCENT TORENO
Vincent Toreno, Esq.*
GA State Bar No.: 714735
Vince.toreno@kendavidlaw.com
Samantha J. Bily, Esq.
GA State Bar No.: 768156
samantha.bily@kendavidlaw.com
Ken David & Associates, LLC
229 Peachtree Street
International Tower
Atlanta, Georgia 30303
(404) 446-4476 Phone
(404) 446-4499 Fax
*Attorneys for Defendant Hill*


*signed with express permission by Elissa B. Haynes, Esq.*